UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERIK ALEXANDER AMAYA FUENTES, | No. 23-1561 |
| Plaintiff, | Agency No. A205-379-913 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | ORDER |
| Respondent. | |

Before: TALLMAN, R. NELSON, and BRESS, Circuit Judges.

The panel unanimously votes to GRANT Respondent's motion to amend (Dkt. 25), VACATES its earlier memorandum decision (Dkt. 24), and hereby issues the Revised Memorandum Disposition filed contemporaneously with this Order.

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 2 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ERIK ALEXANDER AMAYA FUENTES,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-1561

Agency No.
A205-379-913

REVISED MEMORANDUM[*]

On Petition for Review of an Order of the
Immigration Judge

Submitted October 22, 2024[**]
Pasadena, California

Before: TALLMAN, R. NELSON, and BRESS, Circuit Judges.

Petitioner, Erik Alexander Amaya Fuentes, a native and citizen of Honduras,

appeals the Immigration Judge's ("IJ") order of removal. The IJ ordered Petitioner

removed after agreeing with the asylum officer's negative reasonable fear

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

determination, finding Petitioner did not establish that extortionist threats he received from local drug dealers were on account of a protected ground. The IJ further held that the single threat Petitioner received from a mayoral candidate was insufficient to rise to the level of persecution. Finally, the IJ determined that Petitioner did not establish that the government of Honduras is unable or unwilling to protect him from future harm. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

Petitioner first entered the United States illegally in 2012. He was removed shortly thereafter, then re-entered the United States in 2019. The Department of Homeland Security ("DHS") reinstated the prior order of removal after Petitioner surrendered to immigration authorities near the southern border in 2019. 8 U.S.C. § 1231(a)(5) ("If the Attorney General finds that an alien has reentered the United States illegally after having been removed . . . under an order of removal, the prior order of removal is reinstated . . . .").

An IJ's negative reasonable fear determination makes the reinstatement order final and thus reviewable under 8 U.S.C. § 1252. *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016). We review the IJ's denial of relief for substantial evidence and must uphold its conclusion unless "any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (quoting *Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014)). A petitioner can establish a "reasonable fear of

persecution or torture if the alien establishes a reasonable possibility that he or she would be persecuted on account of his or her race, religion, nationality, membership in a particular social group or political opinion, or a reasonable possibility that he or she would be tortured in the country of removal." 8 C.F.R. § 208.31(c).

First, the IJ held that Petitioner did not establish a nexus between the two threats he received from drug dealers and a protected ground. There is substantial evidence to uphold the IJ's lack of nexus determination based on Petitioner's reasonable fear interview. Petitioner stated in his interview that he was threatened by drug dealers because he refused to sell drugs for them. Based on his own statements, Petitioner was targeted because the drug dealers "want locals to sell drugs." The IJ correctly determined that Petitioner "failed to articulate a nexus to a protected ground." *See* 8 C.F.R. § 208.31(c) (listing protected grounds as "race, religion, nationality, membership in a particular social group or political opinion").

Second, the IJ found that Petitioner's singular threat from a local mayoral candidate did not rise to the level of persecution based on political opinion. We have held that death threats can constitute persecution in "a small category of cases"; however, we are "most likely to find persecution where threats are repeated, specific and 'combined with confrontation or other mistreatment.'" *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (quoting *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000)). The record does not compel the conclusion that Petitioner faced

persecution based on a single vague threat from a mayoral candidate for whom he had previously worked. Indeed, he remained in Honduras for two years following the candidate's failed election bid and never received another threat or faced any mistreatment from the candidate. Accordingly, there is substantial evidence to uphold the IJ's negative reasonable fear determination. Because Petitioner failed to establish a reasonable possibility of persecution on account of a protected ground, we need not reach the question of whether the Honduran government was unable or unwilling to protect Petitioner.

Finally, the IJ found that Petitioner failed to show a reasonable possibility of future torture. To obtain protection under the Convention Against Torture, an applicant must show that he would more likely than not be subjected to torture at the instigation of, or with the acquiescence of, a government official, in the country to which he would be removed. *See* 8 C.F.R. § 1208.16(c)(2). Although Petitioner testified that he feared drug dealers, he explicitly denied fearing harm directly from public officials. Petitioner also believed the Honduran police could be corrupt, but he presented no objective evidence to support this belief. On appeal, Petitioner states that "the Honduran government's inability and refusal to protect its own people[] is tantamount to persecution at the hands of a state actor." However, Petitioner neither ties this conclusory statement to the facts of his case nor points to evidence in the record supporting his claim. Instead, he relies exclusively on a 2022 Honduras

Country Report that we do not consider because it is not in the record. 8 U.S.C. § 1252(b)(4)(A) (limiting the Court's review to "the administrative record on which the order of removal is based."). As a result, Petitioner has not shown that the record compels the conclusion that he demonstrated a reasonable possibility of torture upon return to Honduras. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) (citation omitted) ("[A] general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence.").

**PETITION DENIED.**